

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-67,749-03

### EX PARTE MICHAEL LEE MYLES , Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10998-B IN THE 344TH DISTRICT COURT
### FROM CHAMBERS  COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant was convicted of possession with intent to deliver more than 400 grams of cocaine and sentenced to forty years' imprisonment.  The First Court of Appeals affirmed his conviction.  *Myles v. State*, No. 01-07-00955-CR (Tex. App.—Houston [1st Dist.] Feb. 18, 2010)(not designated for publication).

Applicant contends that his plea was "false"  because he never entered a guilty plea, did not appear with court appointed counsel to enter a plea, and did not agree for the jury trial to be stopped. Applicant alleges that all of the plea paperwork contains forged signatures and fingerprints.

Applicant also alleges that trial and appellate counsel rendered ineffective assistance of counsel. Specifically, Applicant alleges that trial counsel was deficient for failing to file a pre-trial motion to suppress the evidence seized in the trunk of Applicant's vehicle. Applicant also contends that appellate counsel rendered ineffective assistance due to a conflict of interest. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel and false plea. The trial court shall also order appellate counsel to respond to Applicant's claim of conflict of interest. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was false. The trial court shall make findings as to whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings as to whether the State is prejudiced by Applicant's delay in presenting these claims under the doctrine of laches. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 1, 2017
Do not publish